[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on May 12, 1989 in Manhattan, New York, a total of 13 years. They separated twice, the last time in November of 1999. During the course of the marriage, the parties did receive some public assistance from the State of Connecticut. The Wife filed this complaint claiming a dissolution of marriage, custody, child support, alimony, and a transfer of property. No cross complaint was filed. However, both parties were fully heard over three days of trial.
The Wife is 40 years of age, has a GED degree, and is in good health. She works part-time as a pre-kindergarten teacher for Waterbury Youth Service System Inc. earning $218.00 per week. Her hours of employment coincide with her son's school hours which enable her to provide proper care for him before and after school. Her long term goal is to become a licensed day care provider and a teacher's aide for special education students. As evidenced by exhibits and testimony, she is nearing completion of a 180-hour program which will assist her in reaching her goal.
The Husband is 50 years old and has a bachelor degree in sociology and several credits toward a Master's degree. He suffers from high blood pressure and diabetes. Currently, he is employed as a counselor for St. Vincent DePaul Society of Waterbury supervising adults in a group home. In the past, he has worked two jobs, including at times the care of autistic children, which is not the case at present. His weekly employment income is $557.60 which is supplemented by a $160.25 weekly rental income.
One child, Wilson Emilio Rodriguez (called Emilio), born May 10, 1988, is issue of the marriage. Sadly, 14-year-old Emilio suffers from autism which his pediatrician, Dr. Chinchilla, testified is diagnosed as severe. She further stated that he functions on a four-year old's level, has limited language skills, little ability to socialize, repeats words, and is capable of being aggressive. He requires a structured educational CT Page 2578-bs environment, understanding of his disability, and a regimented routine. If frustrated, he engages in destructive behavior including biting of his own hand which pictures show is badly scarred. The doctor did not recommend overnight visitation for the father.
These views were echoed by Emilio's teachers from the ACES school which specializes in the education of autistic children. Throughout the child's life, the Wife has been his primary caretaker, taking him to the doctor, to school, providing his clothing, food, and other needs. Admirably, she educated herself on the subject of autism, continues to be involved in learning about this disability, and remains committed to her son's care. All evidence indicates that the child is very attached to his mother.
While the Husband certainly manifests genuine love for his son, he lacks the insight or ability to be fully committed to the challenges of raising an autistic child. The inability of the parties to communicate with one another, the obvious differences in parenting styles, and the residue of anger from this long standing divorce, make it impossible to have a joint legal custody arrangement. For a long time, the Husband was in denial about his son's autism and even today disagrees with the diagnosis which he believes should be mild to moderate. Nevertheless, assuming the child's routine is strictly adhered to, the Husband should have regular contact with his son and the Wife should keep him fully informed of all major issues affecting the child.
The modest assets of the parties consist principally of an unencumbered lot in Puerto Rico with a fair market value of $9,000.00, a residence with an equity of approximately $45,000.00, two vehicles, and a small retirement account. The residence property is apparently under foreclosure although it was unclear as to whether it was a strict foreclosure, foreclosure by sale, or whether the parties could settle with the lending institution. Both parties showed substantial liabilities on their financial affidavits, $22,348 for the Wife and $30,859.15 for the Husband. As a practical matter, the parties' incomes do not permit amortization of these debts, most of which were incurred separately.
It would serve no useful purpose to chronicle the causes for the breakdown of the marriage which is clearly irretrievable. The Wife claimed that the Husband was verbally and physically abusive, lacked understanding of the depth of Emilio's autism, and was demeaning of her efforts. The Husband claimed that they were incompatible, argued frequently, especially over Emilio, and that she was a spendthrift. While there are two sides to every marital breakdown, and perceptions always vary, suffice it to say that the Wife's claims were more credible. CT Page 2578-bt
The court finds that residence requirements have been satisfied. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders.
 ORDERS
DISSOLUTION OF MARRIAGE
The marriage is dissolved on the grounds of an irretrievable breakdown.
 CUSTODY AND VISITATION
The Wife shall have sole legal custody of the minor child. The Husband shall have the following rights of visitation: every Saturday from 9:00 a.m. to 8:00 p. m. and every Thursday from 4:00 p. m. until 8:00 p. m. The Husband shall be responsible for all transportation. The Husband shall not remove the child from the State of Connecticut without the written permission of the Wife or further order of the court. The Wife shall not move the residence of the child from the State of Connecticut without the written permission of the Husband or further order of the court. Any modification of these visitation orders must be by written agreement of the parties or further order of the court.
 CHILD SUPPORT
The Husband shall pay to the Wife child support in the amount of $136.00 per week, which is in accordance with the Child Support Guidelines, pursuant to an immediate wage withholding order. In addition, the Husband is to pay $21.00 per week on an arrearage previously found by the court on January 2, 2001 to be $942.00.
Each party reserves the right to petition the court for a postjudgment educational support order.
 LIFE INSURANCE
The Husband shall name the minor child beneficiary on any group life insurance he has available to him at his place of employment, currently represented to be $50,000.00. He shall furnish the Wife with satisfactory evidence upon reasonable request that he is insured in the required amount. This paragraph shall be subject to modification.
 MEDICAL INSURANCE CT Page 2578-bu
The Wife is ordered to continue to maintain the minor child on the Husky medical insurance plan as long as he is eligible. This paragraph shall be subject to modification.
 REAL ESTATE
The Wife shall quitclaim to the Husband her interest in the marital residence located at 498-500 Waterville Street, Waterbury within 120 days from date. Simultaneously with the delivery of the quitclaim deed, the Husband shall pay to the Wife the lump sum of $30,000.00.
At the Husband's option, if he is unable or unwilling to pay said sum, the property shall be immediately listed for sale and sold to the buyer with the first reasonable offer. He shall advise the Wife within 30 days from date of his intention regarding purchase or sale so that no time will be lost in the event the property is to be listed for sale.
In the event the property is sold, either by the parties or as a result of a foreclosure sale; any net proceeds after payment of all expenses of sale shall be shared two-thirds by the Wife and one-third by the Husband. Any deficiency judgment or loss shall be equally shared by the parties.
The court shall retain jurisdiction until this article is satisfied.
The Husband shall quitclaim to the Wife his interest in the property located in the Commonwealth of Puerto Rico. The Wife shall have the obligation of preparing all documentation necessary to effectuate the transfer which shall be immediately signed by the Husband upon presentation.
 ALIMONY
The Husband shall pay to the Wife alimony of one dollar per year until the death of either party. Said alimony shall be specifically subject to modification when the minor child reaches his majority or in the event of the substantial change in circumstances of either party. The alimony shall also be subject to modification by the State of Connecticut for any public assistance arrearage that might exist.
 PERSONAL PROPERTY
Each party shall retain the furniture, furnishings, and other personal property in their respective possession and control. CT Page 2578-bv
Each party shall retain the motor vehicles listed on their respective affidavits.
Each party shall retain the bank accounts listed on their respective affidavits.
 RETIREMENT ASSETS
The Husband shall retain any retirement benefits available to him currently represented to be $1,242.00 in a 403b account.
 LIABILITIES
Each party shall be solely responsible for the liabilities shown on their respective financial affidavits.
 COUNSEL FEES
In light of the distribution of assets, no counsel fees are awarded.
 TAXES
The wife shall be entitled to the dependency exemption for the minor child.
 MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
Plaintiff's counsel shall prepare the judgment file and file it with the court within 30 days.
Cutsumpas, J. CT Page 2578-bw